UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 4:05 CR 544** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Booker Wellington,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **and** | ) | |
| | ) | |
| **Valerie Perkins,** | ) | |
| | ) | |
| **Interested Party.** | ) | |

This matter is before the Court upon plaintiff's Motion to Dismiss the Petition of Valerie Pinkins (Doc. 202). For the following reasons, the motion is GRANTED.

Subsequent to a plea agreement entered into by defendant, Booker Wellington, a Preliminary Order of Forfeiture was issued on September 20, 2006 in this case forfeiting to the United States of America, under 21 U.S.C. § 853, the following properties:

1. $8,316.00 in U.S. Currency seized on October 12, 2005, at 3126 Idlewood Avenue,

1

Youngstown, Ohio.

2. 1960 Buick LeSabre, VIN: 4G103317

3. 2000 Ford Expedition, VIN: 1FMPU18L6YLB28529

4. 45 Midlothian Blvd., Youngstown, Ohio.

On October 10, 2006, pursuant to 21 U.S.C. § 853(n)(1), copies of a Notice of Forfeiture and this Court's Preliminary Order of Forfeiture were delivered to the address of Valerie Pinkins at 45 Midlothian Blvd., Youngstown, Ohio, as a person potentially having a legal interest in the properties subject to Preliminary Order of Forfeiture.

On November 16, 2006, Valerie Pinkins, as Interested Party, filed a Petition for Oral Hearing on the Preliminary Order of Forfeiture. Pinkins asserts that she has always maintained an interest in the property being sought by the United States of America for forfeiture.

21 U.S.C. § 853(n) sets forth the procedure by which third parties may obtain judicial resolution of their claims against forfeited properties. 21 U.S.C. § 853(n)(2) provides:

> **(2)** Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

21 U.S.C. § 853(n)(3) states:

> **(3)** The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

2

Plaintiff points out that the Interested Party Petition herein was not filed until 37 days after receipt of the Notice of Forfeiture and was not signed by the petitioner under penalty of perjury.  Rather, the Interested Party Petition was signed by petitioner's attorney.  Nor did the Interested Party Petition specify the property (ies) claimed, the nature and extent of the petitioner's interest in the property (ies), or the time and circumstances of the petitioner's acquisition of the interest in the  property (ies).

It has been held that failure to meet the statutorily mandated pleading requirements of 21 U.S.C. § 853(n)(3) and the 30 day period of limitations set forth in 21 U.S.C. § 853(n)(2) warrants dismissal of claims filed in a forfeiture petition.  *United States v. Miller,* No. 3:02 CR 722 (N.D. Ohio Oct. 3, 2003).

In response to plaintiff's argument that dismissal of the Interested Party Petition is warranted because it did not comply with the statute's requirements, petitioner asserts that plaintiff was previously aware of her interest in the property being sought for forfeiture. In March 2006, petitioner filed a Motion for Return of Property, seeking return of the 2000 Ford Expedition.  The motion was denied as premature. As evidenced by petitioner's response to the Motion to Dismiss, however, petitioner is seeking return of the real property as well as the Ford Expedition.  Petitioner also asserts that she was not properly notified because the Notice of Forfeiture was hand delivered to 45 Midlothian Blvd. and given to petitioner's tenant who did not deliver the notice to petitioner until several weeks later. The declaration of James Morford, U.S. Attorney, submitted with plaintiff's reply, states, however, that following this Court's entry of Preliminary Order of Forfeiture, Morford contacted petitioner's counsel by telephone concerning where to serve notice on petitioner and was informed by counsel's legal

3

assistant that the proper location for service was 45 Midlothian Blvd.  The plaintiff's method of providing notice need only be "reasonably calculated to apprise" petitioner of the pendency of the action.  *Dusenbery v. U.S.,* 534 U.S. 161 (2002).  The method of providing notice herein was reasonably calculated.

For these reasons, plaintiff's Motion to Dismiss the Petition of Valerie Pinkins is granted.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/8/07